Reed, J.,
delivered the opinion of the court.
The action was brought by appellee to recover the balance due on an open account between the parties for goods sold to appellants by the appellee at various times from April to December, 1890. The plaintiff claimed something over $2,000 as due and unpaid, which was denied by the answer, admitting $876.35 to be due, and that amount only.
The questions to be determined were purely those of fact— an accounting and the finding the amount due. The case was tried to the court, resulting in a judgment for the plaintiff in the sum of $1,860.17.
No question of law is presented by the errors assigned,— they are to the effect that the court erred in its finding of the facts, principally in failing to allow certain credits claimed by the defendants. The evidence was very conflicting and con *157 tradictory — it appears to have been simply a question as to which set of witnesses was worthy of credit. The court gave credit to those of the plaintiff. It is urged in argument that the court misunderstood the facts, and that through such misunderstanding defendants failed to get credits admitted to have been received — to a large amount; that the credits were indorsed upon notes and that such notes and the book account were for the same indebtedness. We cannot determine from the evidence that such was the fact. It seems impossible that such a blunder could occur with the defendants represented by counsel, and had it occurred, the court, even after its finding — -had attention been called to it — would unquestionably have corrected the error. The attention of the court should have been called to it by a motion for a new trial, but none appears to have been made.
Where the evidence is contradictory and there was evidence to support the finding, and the questions presented for review are only those of fact, the judgment will not be disturbed. This rule has been so often stated and reiterated, both in the supreme court and in this, that no citation of decisions is necessary.
The judgment of the district court must be affirmed.

Affirmed.